MOSS ET AL. *v.* BUSH ET AL.

[Cite as *Moss v. Bush,* 104 Ohio St.3d 597, 2004-Ohio-6792.]

(No. 2004-2055—Submitted December 14, 2004—Decided December 16, 2004.)

MOYER, C.J.

{¶ 1} Contestors, various Ohio residents who allegedly voted in the November 2, 2004 elections for President and Vice-President of the United States and for Chief Justice of the Supreme Court of Ohio, have filed a complaint challenging the certified results of both elections. The named contestees are President George W. Bush, Vice-President Richard B. Cheney, Bush-Cheney '04, Inc., Karl Rove, various Bush-Cheney electors, Ohio Secretary of State J. Kenneth Blackwell, and Ohio Supreme Court Chief Justice Thomas J. Moyer. The contestors allege that claimed voting irregularities are sufficient to change the outcomes of both the presidential and Chief Justice elections or, in the alternative, to make the result of both elections uncertain so as to warrant setting aside the elections.

{¶ 2} The cause is partially before me pursuant to the authority granted by R.C. 3515.08, which provides:

{¶ 3} "In the case of an office to be filled or an issue to be determined by the voters of the entire state, * * * [an election] contest shall be heard and determined by the chief justice of the supreme court or a justice of the supreme court assigned for that purpose by the chief justice; except that in a contest for the office of chief justice of the supreme court, such contest shall be heard by a justice of such court designated by the governor."

{¶ 4} On December 14, 2004, Governor Bob Taft designated Justice Maureen O'Connor to hear that part of the complaint constituting a contest of the November 2, 2004 election involving the office of Chief Justice.

{¶ 5} Nothing in the pertinent election-contest statutes or case law construing R.C. 3515.08 permits contesting more than one election in one case. In fact, the statutes contemplate that an election-contest case will challenge only one election. For instance, R.C. 3515.09 provides that *"[a] contest of election shall be commenced by the filing of a petition with the clerk of the appropriate court signed by at least twenty-five voters who voted at the last election for or against a candidate for the office or for or against the issue being contested"* (emphasis added), and R.C. 3515.14 provides that the court shall dispose of an election contest by pronouncing judgment as to "which candidate" (not candidates) was elected.

{¶ 6} In adopting R.C. 3515.08 the General Assembly recognized that election contests by their nature are not well suited to consolidation. Consolidation of two election contests—one challenging the results of the presidential election and one challenging the election of the Chief Justice—unnecessarily complicates the two contests procedurally. R.C. 3515.08 vests responsibility for deciding the election contest concerning the presidential election with the Chief Justice of the Supreme Court of Ohio. However, under the statute, the Governor selects another justice to hear a contest of an election to the office of Chief Justice of this court. Therefore, if this combined election-contest case were to proceed as filed, two separate justices would be responsible for presiding over two separate contests in one case. No words in the statute or any decision of a court of which I am aware supports a conclusion that the General Assembly produced that result. Moreover, were this court to sanction consolidation here, it would establish a precedent whereby 25 voters could challenge, in a single case, the election results of every statewide race and issue on the ballot in any given election.

{¶ 7} As Chief Justice, I have statutory authority to determine only the challenge filed by the contestors to the election of President and Vice–President. No statute or case law authorizes the filing of multiple election contests in a single case. The complaint is fatally defective. I therefore order that the contest of the presidential election held on November 2, 2004, be dismissed without prejudice.

So ordered.

---

Clifford O. Arnebeck Jr., Robert J. Fitrakis, and Susan Truitt, for contestors.