MOSS ET AL. *v.* BUSH ET AL.

[Cite as *Moss v. Bush,* 105 Ohio St.3d 11, 2004-Ohio-7120.]

(No. 2004–2088—Submitted December 28, 2004—Decided December 29, 2004.)

MOYER, C.J.

{¶ 1} On November 2, 2004, an election was held for President and Vice–President of the United States, and contestees George W. Bush and Richard B. Cheney were unofficially announced as the winners of the election. On December 6, 2004, contestee Ohio Secretary of State J. Kenneth Blackwell certified that Bush and Cheney had won the election in Ohio.

{¶ 2} On December 13, 2004, contestees Ohio presidential electors met and cast Ohio's electoral votes for Bush and Cheney. Just before that meeting, contestors, 40 Ohio residents who allegedly had voted in the November 2, 2004 presidential election, filed a petition in this court contesting both that election and the November 2, 2004 election for Chief Justice of the Supreme Court of Ohio. Contestors also moved for a temporary restraining order, permanent injunction, and other relief to prevent the December 13, 2004 meeting of the Ohio electors and to enjoin them from casting Ohio's electoral votes before this court's determination of their presidential-election contest.

{¶ 3} On December 16, 2004, Justice Maureen O'Connor and I, by separate entries, dismissed contestors' petition because the contestors had improperly combined two election contests in the same petition. *Moss v. Bush,* 104 Ohio St.3d 1429, 2004-Ohio-6794, 819 N.E.2d 711 (O'Connor, J.); *Moss v. Bush,* 104 Ohio St.3d 597, 2004-Ohio-6792, 821 N.E.2d 152 (Moyer, C.J.). The petition was dismissed without prejudice. Id.

{¶ 4} On December 17, 2004, over 35 Ohio residents who alleged they had voted in the November 2, 2004 presidential election filed a new election contest of the November 2, 2004 presidential election in Ohio. These contestors include

over 25 of the same contestors from the previous election contest, and they are represented by the same counsel that brought the prior contests. On that same date, the contestors filed a motion for emergency expedited hearing and emergency expedited relief to prevent spoliation of evidence and to preserve documentary and electronic evidence. The General Assembly has assigned the responsibility of hearing and deciding that case to the Chief Justice of the Supreme Court of Ohio, the office I hold. R.C. 3515.08.

{¶ 5} On December 21, 2004, the same contestors filed a new contest of the November 2, 2004 election for Chief Justice. Pursuant to R.C. 3515.08, Governor Bob Taft again designated Justice O'Connor to hear that election contest.

{¶ 6} The cause is now before me upon the contestors' December 23 emergency motion to disqualify me from hearing this election contest. One of the contestors' attorneys has filed an affidavit in support of the motion.

{¶ 7} Contestors claim that I should be disqualified from presiding over this presidential election contest based on their assertion that I have a conflict of interest and bias or prejudice against them. Contestors assert that this conflict of interest, bias, and prejudice are established because (1) allegations of deliberate election fraud in this case are similar to allegations in the separate election contest involving the Chief Justice election, (2) it is possible that I acquired knowledge of deliberate national and statewide election fraud and that contestors may decide it is necessary to depose me, (3) as Chief Justice, I have an economic interest in this presidential election contest because it could contribute to the loss of the income I earn from the position, and (4) I did not grant contestors' December 17, 2004 motion for emergency expedited hearing and emergency expedited relief to prevent spoliation of evidence and to preserve documentary and electronic evidence.

{¶ 8} Because the General Assembly has vested the Chief Justice with the responsibility to hear and decide statewide election contests such as that now before the court, it is my ethical obligation to do so. Canon 3(B)(1), Code of Judicial Conduct ("A judge shall hear and decide matters assigned to the judge except those in which disqualification is required"). Having reviewed contestors' motion, I conclude that it is without merit. I am grateful for contestors' generous statement in their motion to disqualify that they "have not made (and do not at this time make) any allegation that Chief Justice Moyer personally did anything improper on or before election day (November 2, 2004) or in any way participated in the deliberate national election fraud and deliberate election fraud in Ohio." Their further statement, however, that "it is possible that Chief Justice Moyer wittingly or unwittingly acquired knowledge of deliberate national and statewide election fraud" is wholly without foundation and lacks any degree of

veracity. Its speculative and ungrounded nature does not constitute grounds for disqualification.

{¶ 9} There are other reasons disqualification is not appropriate.

{¶ 10} First, disqualification is not required based on the existence of similarities between the two election-contest cases pending in this court. The decision in this case will be completely separate from Justice O'Connor's resolution of the allegations in the Chief Justice–election contest and will not preclude Justice O'Connor from reaching conclusions contrary to any that I may make in this case.

{¶ 11} Second, I have no economic interest in this presidential-election contest. As noted previously, this case is separate from the Chief Justice–election contest being considered by Justice O'Connor.

{¶ 12} Third, the rulings on contestors' December 17, 2004 motion—first to await a response (104 Ohio St.3d 1432, 2004-Ohio-6995, 819 N.E.2d 1117) and then to deny the motion (104 Ohio St.3d 1443, 2004-Ohio-7119, 819 N.E.2d 1125)—were based on the language of S.Ct.Prac.R. XIV(4)(B) and (C) and the contestors' failure to present sufficient, credible evidence to support their motion. The fact that these rulings were adverse to contestors does not demonstrate bias or prejudice. See *In re Disqualification of Kimbler* (1999), 88 Ohio St.3d 1217, 723 N.E.2d 1104. "To hold otherwise would afford each litigant who is adversely affected by the action or inaction of a judge the opportunity to seek the judge's disqualification." *In re Disqualification of Hall* (2001), 94 Ohio St.3d 1230, 763 N.E.2d 599.

{¶ 13} Based on the foregoing, the contestors' emergency motion to disqualify me is overruled. I do not recuse myself.

Motion overruled.

Clifford O. Arnebeck Jr., Robert J. Fitrakis, Susan Truitt, and Peter Peckarsky, for contestors.